******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JESSICA LYNN PRESSLEY *v.*
THOMAS H. JOHNSON III
(AC 38821)

Lavine, Sheldon and Prescott, Js.

*Submitted on briefs[1] February 17—officially released May 23, 2017*

(Appeal from Superior Court, judicial district of New
Haven, Burke, J. [judgment]; Goodrow, J. [motion for
contempt; motion to reargue])

*Jonathan E. Von Kohorn* and *Tara Von Kohorn* filed
a brief for the appellant (plaintiff).

*Opinion*

SHELDON, J. This appeal stems from postdissolution proceedings in which the plaintiff, Jessica Lynn Pressley, moved that the defendant, Thomas H. Johnson III, be found in contempt of an order in the parties' marital dissolution judgment requiring him to pay one half of work related child care expenses for the parties' minor children. The plaintiff claims that the trial court erred in denying her motion for contempt and finding that the defendant did not owe her an arrearage for the work related child care expenses she had incurred. We agree with the plaintiff and thus reverse the judgment of the trial court and remand the matter for further proceedings.

The parties' marriage was dissolved on April 17, 2013. Pursuant to the judgment of dissolution, the parties share joint legal custody of their four minor children, who reside primarily with the plaintiff. The judgment provides, inter alia, as follows: "The parties shall equally split the cost of child care expenses, reasonable and necessary for the plaintiff mother to maintain employment."

On August 27, 2015, the plaintiff filed a motion for contempt claiming that the defendant had failed to pay one half of the work related child care expenses for their four children as required by the dissolution judgment. On October 14, 2015, the court held a hearing on the plaintiff's motion, at which both parties testified. The plaintiff testified that she had notified the defendant in May, 2015, that she would be enrolling the children in the Trumbull Loves Children program in order for her to be able to work full-time starting in September, 2015. The cost of that program was $550 per month per child, but the plaintiff had secured scholarships for the children which reduced the parties' out-of-pocket cost for all four children to $629.63 each per month. At the time of the hearing, the plaintiff had paid only the fee for the month of September, 2015, to which the defendant had refused to contribute. Because that hearing did not commence until late in the afternoon, it did not conclude on that day. The court told the parties that it was not going to rule on the motion for contempt at that time. The court found that the cost of the program in which the parties' four children were enrolled was reasonable, but that it was not reasonable under their financial circumstances. The court thus ordered the parties to work together to try to find a more affordable child care option, and continued the hearing to October 23, 2015.

On October 23, 2015, the court again heard testimony and argument from the parties before it ruled on the plaintiff's motion for contempt. The court denied the motion for contempt, finding that the defendant's "failure to pay is not based upon a wilful failure to pay, but

a financial inability . . . ."[2] The court further found that "although the daycare, and [the plaintiff] has done her best is very, very good at $630 per month, which is essentially what would be [the defendant's] share, that is not reasonable based upon his financial circumstances, particularly the finances that are $303 in child support plus $100 in alimony per month." The court clarified that it was not finding that the defendant was unable to pay anything because he had testified that "he could pay something."[3] The court thus asked the defendant, "is there a number that you reasonably think you can manage?" The defendant asked for additional time to propose an amount that he could contribute, and the court again continued the hearing to October 27, 2015.

At the October 27, 2015 hearing, the plaintiff expressed to the court her concern that, in not requiring the defendant to pay one half of the child care expenses, it was modifying the dissolution judgment. The court disagreed, once again pressing the defendant to propose how much he could contribute to those expenses. Contrary to his previous testimony that he "could pay something," the defendant told the court that he was unable to contribute anything at all. The court ordered the defendant to contribute $75 per week for the child care expenses as a "reasonable amount based on . . . both of the part[ies'] financial situation." When the plaintiff asked if the court was ordering reimbursement for child care expenses already incurred, the court stated, "[n]o, it starts today."

On November 12, 2015, the plaintiff filed a motion to reargue based upon two grounds. First, the plaintiff argued that the October 27, 2015 order constituted an "inappropriate retroactive modification of an existing child support order where no motion to modify had been filed." Second, the plaintiff argued that the court "applied an incorrect reasonableness standard" when it "engage[d] in an equitable determination as to the reasonableness of assessing a corresponding [arrearage] against the defendant once such a reasonable rate of child care had been determined."

On December 15, 2015, the court held a hearing on the plaintiff's motion to reargue.[4] On December 30, 2015, the court filed a memorandum of decision on the plaintiff's motion to reargue, in which it agreed that its prior order constituted an unauthorized modification of the parties' dissolution judgment, and thus vacated its earlier order requiring the defendant to pay $75 per week toward child care expenses. The court recounted that it had "indicated at the [contempt] hearing that the day care costs were objectively reasonable for the services provided to the children, however, it found that the costs were not reasonable given the financial circumstances of the parties." The court concluded that because the child care costs claimed by the plaintiff

were not reasonable, "the defendant was not obligated by the [dissolution] agreement or the [dissolution] judgment to contribute one half of the day care costs sought by the plaintiff." On that basis, the court held that the defendant was not required to pay an arrearage for his contribution to the child care costs that the plaintiff had already incurred. This appeal followed.

The plaintiff challenges on appeal the court's ruling on her motion to reargue. Initially, the court properly determined that its earlier order constituted a modification of the dissolution judgment, which was improper in the absence of a properly filed motion to modify. See *Eldridge* v. *Eldridge*, 244 Conn. 523, 530, 710 A.2d 757 (1998) ("[a]n order of the court must be obeyed until it has been modified or successfully challenged" [internal quotation marks omitted]). The court thus properly vacated that prior order, effectively leaving intact the order in the dissolution judgment that the parties share equally the cost of child care. With that order properly reinstated, the court's role was simply to calculate the amount owed by the defendant as an arrearage for the reasonable and necessary cost of child care incurred by the plaintiff, to which the defendant had failed to contribute, since she began working in September, 2015. We therefore agree with the plaintiff that, in failing to do so, the trial court abused its discretion.

"The standard of review for a court's denial of a motion to reargue is abuse of discretion. . . . [T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It may also be used to address . . . claims of law that the [movant] claimed were not addressed by the court." (Internal quotation marks omitted.) *Lynch* v. *Lynch*, 153 Conn. App. 208, 244, 100 A.3d 968 (2014), cert. denied, 315 Conn. 923, 108 A.3d 1124 (2015). Because the plaintiff moved to reargue the court's ruling on her motion for contempt, we must also assess the propriety of that ruling.

"[O]ur analysis of a judgment of contempt consists of two levels of inquiry. First, we must resolve the threshold question of whether the underlying order constituted a court order that was sufficiently clear and unambiguous so as to support a judgment of contempt. . . . This is a legal inquiry subject to de novo review. . . . Second, if we conclude that the underlying court order was sufficiently clear and unambiguous, we must then determine whether the trial court abused its discretion in issuing, or refusing to issue, a judgment of contempt, which includes a review of the trial court's determination of whether the violation was wilful or excused by a good faith dispute or misunderstanding." (Internal quotation marks omitted.) *Ciottone* v. *Ciot-*

*tone*, 154 Conn. App. 780, 788–89, 107 A.3d 1004 (2015).

"Courts have in general the power to fashion a remedy appropriate to the vindication of a prior . . . judgment. . . . Having found noncompliance, the court, in the exercise of its equitable powers, necessarily ha[s] the authority to fashion whatever orders [are] required to protect the integrity of [its original] judgment." (Internal quotation marks omitted.) Id., 794. "This is so because [i]n a contempt proceeding, *even in the absence of a finding of contempt*, a trial court has broad discretion to make whole a party who has suffered as a result of another party's failure to comply with the court order." (Emphasis in original; internal quotation marks omitted.) *Fuller* v. *Fuller*, 119 Conn. App. 105, 115, 987 A.2d 1040, cert. denied, 296 Conn. 904, 992 A.2d 329 (2010).

Here, the parties did not argue that the order requiring them to share equally the reasonable work related child care expenses for their children was unclear or ambiguous. The court found that the defendant's noncompliance with that order was not wilful because he had testified that, although he "could pay something," he was unable to pay the entirety of his one-half share of the child care expenses for the parties' children. Upon so finding, the trial court had the authority, in the exercise of its equitable powers, to fashion an order consistent with protecting the integrity of the dissolution judgment. It failed to do so. In not finding and requiring the defendant to pay an arrearage for his share of child care costs that the plaintiff had incurred, the court effectively found that the defendant had no obligation to pay one half of the child care expenses for the parties' children, contrary to the plain language of the dissolution judgment. We thus agree with the plaintiff that the court abused its discretion in failing to find an arrearage for the child care expenses that the plaintiff had incurred.

The judgment is reversed and the case is remanded to the trial court for further proceedings to determine the arrearage owed by the defendant to the plaintiff pursuant to the judgment of dissolution.

In this opinion the other judges concurred.

[1] The defendant did not submit a brief to this court. Our review of the plaintiff's claims on appeal is thus limited to her brief.

[2] The parties both testified that neither of them was able to find a less expensive facility that could provide the care necessary for their children and their work schedules.

[3] By the defendant's own testimony, he was able to contribute to child care expenses, but he claimed that he was unable to pay the amount requested by the plaintiff. He therefore did not contribute at all. The trial court's finding that the defendant's failure to comply with the court's order was not wilful is thus puzzling. Because, however, the plaintiff is not challenging the court's finding in this regard, we need not address its propriety.

[4] It is noteworthy that, as of the date of that hearing, the plaintiff had secured additional scholarships for the children that further reduced the parties' out-of-pocket costs.